FILED
SUPERIOR COURT
OF GUAM

2019 SEP 24 PM 4: 47

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CF0478-18 |
| ) | |
| PLAINTIFF ) | |
| v. ) | DECISION AND ORDER RE: DEFEDANT'S |
| ) | MOTION TO DISMISS INDICTMENT |
| SUNG HEE HONG, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |
| ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on Defendant Sung Hee Hong's ("Defendant") Motion to Dismiss the Indictment in the above captioned matter. Defendant is represented by Arriola, Cowen & Arriola. The People of Guam ("People") are represented by the Attorney General of Guam, through Chief Prosecutor J. Basil O'Mallan III. Defendant filed the pending Motion on June 13, 2019. The People filed an opposition to the Motion on August 1, 2019. This Motion was heard by the Court on August 5, 2019, after which the Court took the issue under advisement. After review, the Court issues the following DECISION and ORDER denying the Motion to Dismiss.[1]

\\

\\

---

[1] A Superseding Indictment in this matter was filed on August 23, 2019, after the filing of the pending Motion to Dismiss the Indictment. However, the Superseding Indictment only added a second count to the charge of Forgery (As a 3rd Degree Felony) against Defendant. The present charge of Forgery (As a 3rd Degree Felony) questioned by Defendant's Motion to Dismiss still stands. Thus, because nothing substantive with regards to this Motion was put into question by the Superseding Indictment, it bears no effect on this Court's present decision on the Motion. *See* Superseding Indictment, pp. 1-2.

## Background

The People commenced this action on August 10, 2018, when they indicted Defendant with Forgery (As a 3rd Degree Felony) in violation of 9 GCA §§ 46.10(a)(1), (a)(5), and (c). *See* Indictment pp. 1-2 (Aug. 10, 2018). The alleged Victim in the case, Defendant's father, named Defendant as his Power of Attorney ("POA") on July 20, 2011. *See* Mot. to Dismiss Indictment, Ex. B. That POA was set to terminate on October 27, 2017. *See id.*, Ex. C. The POA granted Defendant in part the ability "[t]o carry on the business of any nature presently conducted by [the Victim] under the trade name Base Corporation..." *See id.*, Ex. B.

The People allege that on or about August 12, 2015, Defendant committed the crime of Forgery, in that she did utter a written instrument she knew to have been forged. *See id.* at p. 2. The written instrument in question was the Resolution of the Board of Directors and Shareholders to Amend the Articles of Incorporation of Base Corporation, executed on August 5, 2015. *See id.* The People allege that Defendant signed this document in front of a Notary, forging the signatures of the Victim and his wife, Defendant's mother. *See* People's Opp. to Mot. to Dismiss Indictment, p. 2. The document allegedly would have transferred all of the shares of Base Corporation from the Victim to Defendant. *Id.* According to the People, Defendant did not indicate on the document that she was signing as the Victim's POA. *Id.* Rather, Defendant signed for both the Victim and his wife, which the People argue was outside of the power granted to her through the POA. *Id.*

In support of her Motion to Dismiss, Defendant argues that the People had a copy of the full POA more than six (6) months before the Grand Jury Proceeding on August 10, 2018. *See* Mot. to Dismiss Indictment, p. 5. However, the People did not present evidence of the POA at said proceeding. *Id.* The Defendant argues that evidence of the POA between the Victim and Defendant constitutes exculpatory evidence. *Id.* Thus, the People had a duty to disclose such evidence at the proceeding. By not presenting this evidence, the People did not satisfy their duty of disclosure, and the Indictment must be dismissed.

The People argue in reply that evidence of the POA does not constitute exculpatory evidence. *See* People's Opp. to Mot. to Dismiss Indictment, pp. 1-2. While the People do not contest the existence or legitimacy of the POA, the People argue that Defendant was acting outside the bounds of the POA when she committed the crime of forgery. *See id.* Thus, existence of the POA would not negate the guilt of Defendant, and the People did not have an affirmative duty to disclose such evidence to the Grand Jury.

## Discussion

"A felony prosecution requires an indictment upon a probable cause determination by a grand jury." *People v. Villapando et al.*, 1999 Guam 31. Under Guam law, the People have an affirmative duty to submit "any evidence in his possession which would tend to negate guilt" of the Defendant at a Grand Jury Proceeding. 8 GCA §50.46; *see also People v. Sablan*, D.C. Crim. No. 85-0024A, 1986 WL68900 a *3 (D. Guam App. Div. Oct. 24, 1986). However, an indictment will be dismissed only if the People's failure to disclose exculpatory evidence "results in substantial prejudice." *People v. Becerra*, 165 Cal. App. 4th 1064, 1070 (2008).

When a defendant challenges a Grand Jury indictment before trial, the court must determine whether a reasonable probability exists that "a properly informed jury would have declined to find probable cause to indict had it known of the omitted evidence." *Berardi v. Superior Court*, 149 Cal. App. 4th 476, 495 (2007). If based on all evidence presented at the proceeding, there is reasonable cause to believe that the Defendant committed an indicatable offense, the Grand Jury shall find an indictment. 8 GCA § 50.54.

This Motion to Dismiss comes down to whether the existence of the POA would negate the guilt of the Defendant, making it exculpatory evidence. If the existence of the POA is exculpatory, then the People had an affirmative duty to disclose its existence pursuant to 8 GCA § 50.46. In other terms, if the POA granted the Defendant the power to sign the alleged forged document which transferred all shares of Base Corporation, then there is no reasonable cause to believe that Defendant committed forgery. *See* 8 GCA § 50.54. Thus, the indictment would be dismissed.

However, Defendant has not provided enough evidence to prove that the existence of the POA would negate Defendant's guilt. The People argue that Defendant acted outside the bounds of the power granted to her via the POA. While this Court acknowledges the broad nature of the POA in question, the Court finds compelling that 1) the POA applied only to Victim, and not his wife, 2) Defendant did not indicate that she was signing as a POA on the document in question, and 3) the action of alleged forgery involved the transfer of all shares in Base Corporation from Victim and his wife to Defendant. Nowhere in the POA does it grant Defendant the power to sign for Victim's wife, nor transfer all shares in Base Corporation to Defendant. *See* Mot. to Dismiss Indictment, Ex. B. This Court further agrees with the People that the existence of a revocation of the POA tends to show that Victim did not intend to hand over all shares of the corporation to Defendant. *See* Mot. to Dismiss Indictment, Ex. C. Read in the light most favorable to the non-movant, this evidence would tend to support an Indictment.

It may be that the Defendant acted within her power as a POA during the alleged act of forgery. However, that question must be reserved for trial given the evidence presented on the Motion. The Court cannot hold with any certainty that evidence of the POA presented at the proceeding would have resulted in the Grand Jury failing to find probable cause to indict Defendant. Rather, the POA's existence presents two different theories regarding a piece of evidence. Defendant is free to raise her theory to the ultimate factfinder.

The People argue that Defendant acted outside of the power granted to her in the POA. The mere existence of the POA does not destroy the People's theory, nor with certainty negate Defendant's guilt. Thus, evidence of the POA is not exculpatory evidence, and the People had no duty to disclose that evidence at the Grand Jury Proceeding. Therefore, the Motion to Dismiss the Indictment is DENIED.

\\

\\

\\

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment is DENIED.

SO ORDERED this      **SEP 2 4 2019**     .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 9/24/19 Time: 4:50

Deputy Clerk, Superior Court of Guam